## CIRCUIT COURT OF FAIRFAX COUNTY

6601 Little River
Turnpike, L.L.C.

     v.

Caballero
Architects, A.I.A., P.C.

Case No. (Law) No. 203917

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

January 16, 2003

This matter came before me for trial on December 28, 2002, on the pleadings filed herein. Plaintiff, 6601 Little River Turnpike, L.L.C., a Maryland limited liability corporation ("Landlord") filed an amended motion for judgment against Defendant Caballero Architects, A.I.A., P.C. ("Tenant"). The amended motion for judgment seeks recovery of unpaid rent, late fees, and attorney's fees allegedly arising out of breach of a commercial lease for property at 6601 Little River Turnpike, Alexandria, Virginia.

The prior owner of the property, Lutheran Brotherhood, entered into a lease with Tenant for the property in August 1998. In July 1999, Landlord acquired the property from Lutheran Brotherhood. All tenants at the premises (including Tenant) were notified by letter of the acquisition and the transfer of their security deposit to Landlord, and were advised that from that time forward all amounts due under the lease should be made payable to Landlord.

In 2001 a dispute arose between Landlord and Tenant over unpaid rent. The dispute was resolved by a Settlement Agreement entered in October 2001, whereby Tenant made certain payments to Landlord. Tenant continued paying

54

its rent until March 2002, when it ceased paying rent and vacated the premises. That conduct occasioned the instant suit.

The lease expires by its terms on June 30, 2003. Landlord was able to release the premises in October 2002, with rent from the new tenant to commence January 1, 2003. Landlord brought this action to recover unpaid rent and late charges from March 2002 through December 2002, and for attorney's fees.

At the conclusion of the trial, I rejected certain defenses by Tenant relating to the provision of notice under the lease and under common law. I took under advisement the remaining defense that Landlord is barred from maintaining this action for its failure to comply with § 55-218.1 of the Code of Virginia. That statute provides in full as follows:

> Any nonresident person as the term "person" is defined in § 55-248.4 of this title of this Commonwealth that owns and leases residential or commercial real property consisting of four or more units within a county or city in this Commonwealth shall have and continuously maintain an agent who is a resident and maintains a business office within this Commonwealth. Every lease executed by or on behalf of nonresident property owners regarding any such real property shall specifically designate such agent and the agent's office address for the purpose of service of any process, notice, order or demand required or permitted by law to be served upon such property owner.
>
> Whenever any nonresident property owner fails to appoint or maintain an agent, as required herein, or whenever his agent cannot with reasonable diligence be found, then the Secretary of the Commonwealth shall be an agent of the nonresident property owner upon whom may be served any process, notice, order or demand. Service may be made on the Secretary or any of his staff at his office who shall forthwith cause it to be sent by registered or certified mail addressed to the property owner at his address as shown on the lease.
>
> The name and office address of the agent appointed as provided herein shall be filed in the office of the clerk of the court in which deeds are recorded in the county or city wherein the property lies. Recordation shall be in the same book as certificates of fictitious names are recorded as provided by § 59.1-74 for which the clerk shall be entitled to a fee of one dollar.

No nonresident property owner shall maintain an action in the courts of this Commonwealth concerning property for which a designation is required hereunder until such designation has been filed.

Evidence at trial showed that Landlord is a Maryland corporation owning four or more units of commercial real property in Fairfax County and is therefore subject to the statute. Without objection, Tenant's representative testified that, on the morning of trial, he examined the records of the office of the Clerk of Court of Fairfax County, specifically the book of certificates of fictitious names, and found no listing for Landlord.[1] The absence of such a listing was a defense specifically raised by Tenant in its answer to the amended motion for judgment. In rebuttal testimony, Landlord introduced evidence that it has (and has had since acquiring the property) a registered agent in the Commonwealth of Virginia.[2] Landlord contends that the maintaining of a registered agent in Virginia satisfies any requirement imposed by § 55-218.1 of the Virginia Code. Defendant contends that it does not, and that Landlord is precluded under the statute from maintaining this action. Landlord never denied that it did not have a resident agent recorded in Fairfax County's book of certificates of fictitious names. Apart from contending that having a registered agent meets the statutory requirements, Landlord offered no explanation why it did not record such a certificate in advance of trial as a precaution, given the affirmative defense raised.

I make the following findings of fact and law in this matter. Landlord has had a registered agent at all times material to this case. Landlord had no interest in the property at the time the lease was executed, so the absence of any information in the lease about the Landlord's resident agent is of no moment. Between the time Landlord acquired the property and the present date, Landlord and Tenant have had frequent contact, and Tenant has clearly known how to reach the Landlord and the identity of Landlord's representatives and principals. Landlord does not have a resident agent apart from its registered agent. The name and address of Landlord's registered agent, while properly filed with the State Corporation Commission, are not filed or recorded in the book of certificates of fictitious names in the Clerk's

---

[1] Although the property address is Alexandria, Virginia, Landlord made no argument at trial that the book of certificates of fictitious names of Alexandria City rather than Fairfax County should have been searched. I assume that the property is located in that portion of Fairfax County that has an Alexandria mailing address.

[2] The registered agent is Beverley Crump in Richmond, Virginia.

Office of Fairfax County. The maintaining of a registered agent by the Landlord satisfies the requirement of a resident agent under § 55-218.1. But the statute also requires that the name and address of the agent be recorded in the book of fictitious names in the local clerk's office. Landlord has not done so, and Landlord is precluded from maintaining this action as a result.

Apart from precluding a party from maintaining an action, § 55-218.1 contains no guidance as to the consequences of the failure to comply with the statute. Tenant asks that this matter be dismissed. I find that dismissal of the action is not contemplated by the statute, and would not be a just result. This statute is somewhat akin to § 13.1-758 of the Virginia Code, which precludes a foreign corporation from maintaining a proceeding in any court in this Commonwealth unless the foreign corporation obtains a certificate of authority to transact business in the Commonwealth from the State Corporation Commission. Under that statute, if a certificate is required and not obtained, a court must stay any proceeding until the certificate is obtained. While § 55-218.1 contains no such language, neither does it call for dismissal of an action absent proper recordation of the name of a resident agent. Given the purpose of the statute, and circumstances of the parties in this case, I find that I am required to, and do, stay this action until Landlord complies with § 55-218.1. I am placing this matter on my docket for entry of an order on February 7, 2003, at 10:00 a.m. If the Landlord presents sufficient evidence of compliance with the statute at that time, I will rule on the merits of its claim. If it does not, I will rule on Tenant's motion to dismiss and for an award of attorney's fees.

February 11, 2003

This matter came before me on February 7, 2003, for a hearing as reflected in my opinion letter of January 16, 2003.

In its motion for judgment and at trial, plaintiff in this case alleged that it is a Maryland limited liability corporation. Because § 55-218.1 of the Code of Virginia applies to the plaintiff, I ordered this matter stayed until plaintiff complied with the requirements of that statute regarding the appointment of a resident agent. The plaintiff was to present evidence of such compliance at the February 7th hearing. Instead, the plaintiff presented evidence that it was not a Maryland limited liability corporation but instead was and at all relevant times had been a Virginia corporation. Under those circumstances, the requirements of § 55-218.1 would not apply. The plaintiff moved to amend the pleadings to conform to that evidence, pursuant to § 8.01-377 of the Virginia Code. The defendant objected on the grounds that the evidence at trial was closed and

that the evidence at trial was inconsistent with the amendment plaintiff now seeks.

The plaintiff's motion is granted. No ruling on the merits of this case has been made, and no final order has been entered. My letter of January 16, 2003, clearly provided the plaintiff with the opportunity to comply with § 55-218.1 and to present additional evidence on the limited issue of its corporate registration. Failure to do so would have resulted in the plaintiff's not being able to maintain this action; it would not have yielded a verdict in favor of the defendant on the merits of the case. Although the evidence presented may have cured the corporate registration in an unexpected way, it comes as no prejudice to the defendant. I find we are still "at trial" under § 8.01-377. Having received that evidence, and to promote substantial justice, I grant plaintiff's motion to conform the pleadings to the evidence.

Having done so, and based on the evidence at trial, I grant judgment to the plaintiff against the defendant in the amount of $47,883.05. However, I decline to award attorney's fees or interest to the plaintiff. The principal defense in this case was plaintiff's failure to comply with § 55-218.1. The defendant provided a well-reasoned memorandum of law on the matter. It was fully argued at trial by both sides. I took the case under advisement on that issue only and spent much time considering it. Ultimately, I agreed with the defendant on that issue, although I gave the plaintiff the chance to comply with the statute. Only after all of that transpired did the plaintiff first assert entirely different facts that made it clear that the statute was inapplicable. Under all of those circumstances, I find that an award of attorney's fees or interest to the plaintiff would be unjust and decline to exercise my discretion to do so.

In the event I have no discretion under the terms of the lease regarding whether to award attorney's fees, I also find that plaintiff is not entitled to such recovery based on the evidence it presented. Paragraph 22(B) of the lease entitles the plaintiff, in the event of the defendant's default, to recover "all legal fees and other expenses incurred by [plaintiff] in connection with the enforcement of any of [plaintiff's] rights and remedies hereunder." Paragraph 42 of the lease provides that in the event of default, the defendant "agrees to pay the [plaintiff] . . . reasonable attorneys' fees." That same paragraph provides that "the prevailing party shall be entitled to its recovery of its reasonable attorney's fees in connection with enforcement of this lease." Although plaintiff provided an attorney's fee affidavit that details its counsel's efforts, it is impossible for me to determine what portion of plaintiff's attorney's fees would have been incurred absent plaintiff's significant mistake regarding its state of incorporation. To award plaintiff all the fees it seeks

would be to reward it for its error. Such fees would not be "reasonable," for some portion of them were clearly not necessary to a recovery by plaintiff in this case. To award plaintiff some lesser portion of its fees would require speculation on what would have been "reasonable" absent plaintiff's error. Since I cannot determine what plaintiff's "reasonable" attorney's fees were or what fees were necessarily incurred in connection with enforcement of plaintiff's rights and remedies under the lease, I cannot award attorney's fees to the plaintiff.